**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| RAMIRO ROSALES MORALES,<br><br>Petitioner,<br><br>v.<br><br>SCOTT LADWIG, DAVID VENTURELLA, MARKWAYNE MULLIN, TODD BLANCHE, and UNITED STATES OF AMERICA,<br><br>Respondents. | ) | No.: 1:26-CV-294-KAC-CHS |

**ORDER**

Before the Court is Petitioner's Ramiro Rosales Morales's (1) "Verified[1] Petition for Writ of Habeas and Complaint for Declaratory and Injunctive Relief" [Doc. 1] and (2) motion seeking an order to show cause and production of evidence [Doc. 3]. As set forth below, the Court **GRANTS** Petitioner's Motion [Doc. 3] **in part**.

According to the Petition, Petitioner is a "national of Mexico" who entered the United States in February 2006 [Doc. 1 at 1]. The Petition does not assert that he had lawful authority to enter the United States at that time [*See* Doc. 1]. On October 13, 2026, officers of the United States Immigration and Customs Enforcement Services ("ICE") purportedly "apprehended Petitioner" in Cleveland, Tennessee "without a warrant and without any individualized basis to believe he was likely to escape before a warrant could be obtained" [*Id.* at 1, 2]. Petitioner asserts that he is being held without a bond under 8 U.S.C. § 1225(b)(2)(A) and that he cannot be held under Section 1226(a) because "a valid warrant" has not been "issued and served" [*See id.* at 17-

[1] Petitioner's counsel indicates the petition/complaint is "verified," but it does not appear to comply with 28 U.S.C. § 1746.

19]. Petitioner also asserts that the "warrantless" arrest violated 8 U.S.C. § 1357(a)(2) and the Fourth and Fifth Amendment [*Id.* at 19-23, 28-32]. Petitioner seeks various forms of relief [*Id.* at 32-39, 40-42].

In the pending Motion, Petitioner seeks "an expedited order directing the person having custody of him to show cause why the petition for a writ of habeas corpus should not be granted" and the expedited disclosure or certain information [Doc. 3 at 1-2]. And he asks the Court to require "the Clerk of Court to promptly effectuate service of the Court's order to show cause and all related filings on Respondents, and to send immediate notice of the order and filings to the United States Attorney for the Eastern District of Tennessee" [*See id.* at 2].

Habeas relief may be sought if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 generally confers jurisdiction on a district court to adjudicate a challenge regarding an alien's detention. *See Rasul v. Bush*, 542 U.S. 466, 483-84 (2004); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) (providing that habeas corpus is the appropriate remedy to determine the legality of a person's custody); *see also Trump v. JGG*, 604 U.S. 670, 672 (2025) ("Regardless of whether the detainees formally request release from confinement, because their claims for relief 'necessarily imply the invalidity' of their confinement and removal . . . their claims fall within the 'core' of the writ of habeas corpus and must be brought in habeas." (quotation omitted)).

Under 28 U.S.C. § 2243, Respondents **MUST** "show cause why the writ should not be granted." The show cause response "shall be returned within three days"—**October 19, 2026**. *See id.* The Response **MUST** comply with Section 2243. To facilitate the Court's review of the Petition, Respondents **MUST** also file the full administrative record by **October 19, 2026**. *See id.* Petitioner **MUST** file any reply by **October 22, 2026**. If the Petition is not resolved on the record,

the Court will promptly set a hearing on the Petition, consistent with Section 2243. The Clerk of Court **MUST** effectuate prompt service of this Order and the underlying filings on Respondents and the United States Attorney's Office for the Eastern District of Tennessee.

**SO ORDERED.**

**ENTER:**

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge